BENTON, Judge,
dissenting.
In an “agreement for divorce,” the then husband agreed to “give Martha a lump sum of thirty thousand dollars, at time of settlement.” Rather than incorporating this term of the parties’ agreement into the final decree in haec verba, the court ordered that
the Wife shall receive $30,000 of the Husband’s Workmen’s Compensation settlement if it is between the amount of $60,000 and $75,000. If it is less than $60,000 or more than $75,000, the Court shall revisit that issue and determine the amount the Wife shall receive, jurisdiction being hereby specifically reserved for that purpose.
The divorce decree did not contain the findings necessary to support an award of alimony. None of the provisions of the parties’ agreement which were incorporated verbatim by reference could fairly be construed as an award of alimony.
When the former wife sought to have the former husband held in contempt for failure to pay her $30,000, it was up to the trial judge, not the parties, to construe the provisions of the divorce decree, including key language never part of the parties’ agreement. In my opinion, the trial court has not been shown to have erred in construing the final decree as “a division of the parties’ property ... not enforceable by the contempt power of this Court.” Because I believe the trial court did not commit reversible error in ordering the former husband to pay the entire $30,000 with interest, while declining to hold him in contempt, I respectfully dissent.